<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KENNETH H. BRAGG,<br><br>                    Plaintiff,<br><br>   v.<br><br>DEREK THOMASON, et al.,<br><br>                    Defendants. | Civil Action No. 20-15223 (GC) (TJB)<br><br>**MEMORANDUM ORDER** |

**CASTNER, United States District Judge**

      This matter comes before the Court on motion of Defendants Derek Thomason and Cassiopeia Elbaum[1] to dismiss the amended complaint of Plaintiff pro se Kenneth H. Bragg. (ECF No. 15.) Bragg opposed, and Defendants did not reply. (ECF No. 18.) The Court ordered the parties to submit supplemental papers addressing whether an arbitration award in Bragg's parallel state-court case barred litigation of his federal civil rights claims here. (ECF No. 22.) Defendants filed supplemental papers; Bragg did not. (ECF No. 23.) Having carefully considered the parties' submissions, the Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the amended complaint is **DISMISSED**.

---

[1]     Purportedly formerly named "Cassiopeia De La Torre." (ECF Nos. 15, 23.)

**I.      BACKGROUND**

In August 2019, Bragg sued Police Officers Thomason and Elbaum in the Superior Court of New Jersey, claiming that the officers used excessive force when they arrested Bragg on October 31, 2018.  (Compl., *Bragg v. Thomason, et al.*, Docket No. OCN-L-2009-19 (N.J. Super. Ct. Law Div. Aug. 6, 2019), Trans ID: LCV20191390267.)[2]

On October 30, 2020, while the state-court action was pending, Bragg tried to file this federal action, but procedural and administrative issues delayed Bragg's filing until July 2021.  (ECF Nos. 1, 5, 6.)  The federal action is nearly identical to the state-court action.  It names the same parties (Thomason and Elbaum) for the same alleged misconduct (excessive force during Bragg's arrest) that allegedly happened on the same date (October 31, 2018).  (ECF No. 5 at 3.[3])  Accordingly, Defendants moved to dismiss, arguing that the federal action is barred by (1) the two-year statute of limitations under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, and (2) the entire controversy doctrine.  (ECF No. 15-2.)

On July 14, 2022, the Superior Court of New Jersey sent Bragg's case to "mandatory, non-binding arbitration."  (Court Notice, *Bragg v. Thomason, et al.*, Docket No. OCN-L-2009-19 (N.J. Super. Ct. Law Div. July 14, 2022), Trans ID: LCV20222585906.)  On September 15, the arbitrator issued a no-cause-for-action determination, finding that Bragg "failed to sustain [his] burden of proof," and so Thomason and Elbaum had no liability.  (Arbitration Award, *Bragg v. Thomason, et al.*, Docket No. OCN-L-2009-19 (N.J. Super. Ct. Law Div. Sept. 15, 2022), Trans

---

[2]      "The Court . . . may take judicial notice of prior judicial opinions and the dockets of the cases . . . , as they are matters of public record."  *Payton-Fernandez v. Burlington Stores, Inc.*, 671 F. Supp. 3d 512, 526 n.10 (D.N.J. 2023); *see Orabi v. Att'y Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) ("We may take judicial notice of the contents of another Court's docket.").

[3]      Page numbers for record cites (i.e., "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

ID: LCV20223340398.) Bragg did not challenge the arbitrator's decision. So, on October 18, Thomason and Elbaum moved to confirm the arbitration award in state court and to enter judgment in their favor. (Mot., *Bragg v. Thomason, et al.*, Docket No. OCN-L-2009-19 (N.J. Super. Ct. Law Div. Oct. 18, 2022), Trans ID: LCV20223688186.) On November 18, the Superior Court of New Jersey entered an order confirming the arbitration award and entering judgment in favor of Thomason and Elbaum. (Order & Judgment, *Bragg v. Thomason, et al.*, Docket No. OCN-L-2009-19 (N.J. Super. Ct. Law Div. Nov. 18, 2022), Trans ID: LCV20224043133.)

After the state-court action concluded, this Court ordered the parties to show cause whether this federal action is precluded. (ECF No. 22.)[4]

## II.   DISCUSSION

Under New Jersey law, if Bragg wished to challenge the arbitrator's decision, he had to petition the state court "within 30 days of the filing of [that] decision for a trial de novo or for modification or vacation of [that] decision." N.J. Stat. Ann. § 2A:23A-26. Because Bragg did not so petition the court, the Superior Court of New Jersey's order granting Thomason and Elbaum's motion to confirm the arbitration decision "ha[s] the same effect and [is] enforceable as a judgment in any other action." N.J. Stat. Ann. § 2A:23A-26. Courts agree that a court-confirmed arbitration award has preclusive effect. *See Kisby Lees Mech. LLC v. Pinnacle Insulation, Inc.*, Civ. No. 11-5093, 2012 WL 4442768, at *5 (D.N.J. Sept. 24, 2012) ("It is well settled that confirmed arbitration awards shall be given preclusive effect." (citing N.J. Stat. Ann. § 2A:23A-18, whose language closely resembles that of § 2A:23A-26)); *M&M Dev., LLC v. Watts Restoration Co.*, Civ. No. 21-9274, 2022 WL 16631264, at *10 n.12 (D.N.J. Nov. 2, 2022) (noting that a judgment confirming an arbitration award has preclusive effect according to the Federal Arbitration Act's provision that

---

[4]    The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331.

3

"judgments entered by a federal court confirming an arbitration award 'shall have the *same force and effect*, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action'" (quoting 9 U.S.C. § 13) (emphasis added in *M&M Dev.*)).

Now, Defendants argue that because the state court confirmed the arbitration decision and entered judgment against Bragg on his excessive-force claims, Bragg cannot relitigate the same claims in federal court. (ECF No. 23.) The Court agrees.

Under New Jersey law, "when a controversy between parties is once fairly litigated and determined[,] it is no longer open to relitigation." *Farzan v. J.P. Morgan Chase Bank, N.A.*, 2022 WL 17336211, at *1 (3d Cir. Nov. 30, 2022) (citing *McCarter v. Mitcham*, 883 F.2d 196, 199 (3d Cir. 1989); then quoting *Adelman v. BSI Fin. Servs., Inc.*, 179 A.3d 431, 436 (N.J. Super. Ct. App. Div. 2018)). Preclusion involves several related concepts, two being res judicata and the entire controversy doctrine. *Grippi v. Keith*, Civ. No. 22-02640, 2024 WL 2058380, at *8 (D.N.J. May 8, 2024) (citing *Reaves v. Monmouth Univ.*, Civ. No. 22-1782, 2022 WL 17722803, at *8 (D.N.J. Dec. 15, 2022); *Shieh v. Kim*, 2023 WL 18506, at *2 (N.J. Super. Ct. App. Div. Jan. 3, 2023)).[5]

"Res judicata encompasses two preclusion concepts—issue preclusion, which forecloses litigation of a litigated and decided matter, and claim preclusion (often referred to as direct or collateral estoppel), which disallows litigation of a matter that has never been litigated but which should have been presented in an earlier suit." *Townsend v. N.J. Transit*, 516 F. App'x 110, 110-

---

[5] "Out of concern for judicial economy and respect for the conclusions reached by other courts considering the same issues, courts have traditionally attached additional importance to the application of res judicata principles." *United States v. 5 Unlabeled Boxes*, 572 F.3d 169, 175 (3d Cir. 2009) (citation and internal quotation marks omitted).

11 (3d Cir. 2013) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 (1984)).[6]

Res judicata requires three elements:

> (1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical to or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one.
>
> [*Prince v. Pajela*, Civ. No. 22-01939, 2023 WL 3481464, at *4 (D.N.J. May 16, 2023) (quoting *Watkins v. Resorts Int'l Hotel & Casino, Inc.*, 591 A.2d 592, 599 (N.J. 1991)).]

"Claim preclusion applies not only to matters actually determined in an earlier action, but to all relevant matters that could have been so determined," and "[f]or the purposes of res judicata, causes of action are deemed part of a single 'claim' if they arise out of the same transaction or occurrence." *Id.* (quoting *Watkins*, 591 A.2d at 599).

Whether causes of action are the same for res judicata purposes "generally . . . turn[s] on the *essential similarity* of the underlying events giving rise to the various legal claims." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) (quoting *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010)). In analyzing essential similarity, courts consider whether (1) "the acts complained of and the demand for relief are the same," (2) "the theory of recovery is the same," (3) "the witnesses and documents necessary at trial are the same," and (4) "the material facts alleged are the same." *Id.* (quoting *Sheridan*, 609 F.3d at 261). Courts can *sua sponte* dismiss actions based on res judicata. *See Atwell v. Metterau*, 255 F. App'x 655, 657 (3d Cir. 2007) ("Although a defendant usually must raise preclusion as an affirmative defense, a court may *sua sponte* dismiss an action on this basis where the court is on notice that it previously

---

[6]  "[T]he standard for res judicata is the same under federal and New Jersey law." *Jackson v. Amazon Services.com, Inc.*, Civ. No. 21-12172, 2022 WL 1173403, at *3 (D.N.J. Apr. 20, 2022) (citing *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008)).

decided the issue presented."); *King v. E. Lampeter Twp.*, 69 F. App'x 94, 96 (3d Cir. 2003) (affirming the district court's *sua sponte* dismissal of a pro se plaintiff's complaint on res judicata and collateral estoppel grounds); *Benigno v. Walsh*, Civ. No. 23-3248, 2024 WL 640733, at *5 n.13 (D.N.J. Feb. 15, 2024) ("Third Circuit persuasive authority states that district courts have the power to *sua sponte* dismiss an action if res judicata applies.").

"[I]n appropriate circumstances[,] an arbitration award can have a res judicata or collateral estoppel effect in subsequent litigation." *Patel v. Rao*, No. A-2178-21, 2024 WL 1922325, at *4 (N.J. Super. Ct. App. Div. May 2, 2024) (quoting *Nogue by Nogue v. Est. of Santiago*, 540 A.2d 889, 890 (N.J. Super. Ct. App. Div. 1988)).  The arbitration must have "entailed the essential elements of adjudication," including "[a]dequate notice," the right to "present evidence and legal argument" and rebut opposing evidence and arguments, a "rule of finality," a "formulation of issues of law and fact in terms of the application of rules with respect to specified parties," and "[s]uch other procedural elements as may be necessary to constitute the proceeding a sufficient means of conclusively determining the matter in question." *Nogue*, 540 A.2d at 891 (quoting Restatement (Second) of Judgments § 83 (1982)).

The related entire controversy doctrine provides that "non-joinder of claims or parties required to be joined . . . shall result in the preclusion of the omitted claims to the extent required."[7] *Fields v. Thompson Printing Co.*, 363 F.3d 259, 265 (3d Cir. 2004) (citation and alteration omitted).  The doctrine has been described as "New Jersey's specific, and idiosyncratic,

---

[7] "[T]he entire controversy doctrine does not preclude the initiation of a second litigation before the first action has been concluded." *Rycoline Prods., Inc. v. C&W Unlimited*, 109 F.3d 883, 889 (3d Cir. 1997).  That said, *Rycoline* expressly left open the question "whether, where two actions are pending simultaneously, the Entire Controversy Doctrine may be raised at the time one action is concluded to preclude completely the other action," but stated that "some measure of finality of a prior proceeding is a prerequisite to asserting the Doctrine." *Id.* at 889 n.2, 890.

application of traditional res judicata principles." *Rycoline Prods.*, 109 F.3d at 886.  It "embodies the notion that 'the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy.'"  *Id.* at 885 (quoting *DiTrolio v. Antiles*, 662 A.2d 494, 502 (N.J. 1995)).  "It is the 'commonality of facts,' rather than legal issues, parties[,] or remedies, 'that defines the scope of the controversy and implicates the joinder requirements of the entire controversy doctrine.'"  *Tilbury v. Aames Home Loan*, Civ. No. 05-2033, 2005 WL 3477558, at *7 (D.N.J. Dec. 12, 2005), *aff'd*, 199 F. App'x 122 (3d Cir. 2006) (quoting *DiTrolio*, 662 A.2d at 504).

This case presents all elements of res judicata.  *First*, Bragg's state-court action concluded with an order that confirmed the arbitration decision and entered judgment in favor of Defendants and against Bragg.  Again, that order "ha[s] the same effect and [is] enforceable as a judgment in any other action."  N.J. Stat. Ann. § 2A:23A-26.[8]  *Second*, the parties in the state-court action were identical to those in this later federal action: Bragg as the only plaintiff; Thomason and Elbaum as the only defendants.  *Finally*, the excessive-force claim in the federal action arose from "the same transaction or occurrence as the claim in the" state-court action: the amount of force that Defendants used to arrest Bragg on October 31, 2018.  Indeed, the Superior Court arbitrator found that Bragg "alleg[ed] that the police officers [Thomason and Elbaum] used excessive force when they took [Bragg] into custody" after a motor-vehicle traffic stop led to "a high-speed chase

---

[8] For completeness, the Court also finds that the mandatory, non-binding arbitration "entailed the essential elements of adjudication."  From the record, the Court infers that Bragg participated in the arbitration, presented his case, and had the opportunity to rebut Defendants' defense.  After hearing from both sides, the arbitrator issued a decision with factual findings and the legal conclusion that Bragg did not prove his claim.  The Court therefore concludes that the state-court arbitration can have res judicata effect in this federal action.

through Jackson." (Arbitration Award, *Bragg v. Thomason, et al.*, Docket No. OCN-L-2009-19 (N.J. Super. Ct. Law Div. Sept. 15, 2022), Trans ID: LCV20223340398 (cleaned up).) Those findings are essentially similar to the allegations in Bragg's federal complaint: "The claim occurred with a traffic stop," which "turned into a car pull off situation" that led to Bragg's arrest. (ECF No. 5 at 3.) Based on these records, the federal action appears to be duplicative of the state-court action, which ended in a final order confirming the arbitration award and entering judgment of "**NO CAUSE OF ACTION**." (Order & Judgment, *Bragg v. Thomason, et al.*, Docket No. OCN-L-2009-19 (N.J. Super. Ct. Law Div. Nov. 18, 2022), Trans ID: LCV20224043133.)

Therefore, res judicata precludes Bragg from continuing to prosecute his federal action. To the extent that Bragg's claims in this action differ in name from those in the state-court action, the entire controversy doctrine precludes Bragg's federal action too.[9]

---

[9]   "[R]es judicata is an affirmative defense that typically may not afford the basis for a Rule 12(b)(6) dismissal unless it is 'apparent on the face of the complaint.'" *Hoffman v. Nordic Nats., Inc.*, 837 F.3d 272, 280 (3d Cir. 2016) (quoting *Rycoline Prod.*, 109 F.3d at 886). "If not apparent, the district court must either deny the 12(b)(6) motion or convert it to a motion for summary judgment and provide both parties an opportunity to present relevant material." *Id.* (quoting *Rycoline Prod.*, 109 F.3d at 886-87). "The ultimate purpose of this rule is to avoid factual contests at the motion to dismiss stage." *Id.*  But that rule does not apply "when the District Court was already aware of" the initial case or when relevant items "are matters of public record" of which a court can take judicial notice. *Id.* at 280 n.52. Besides, this Court gave Bragg and Defendants the opportunity to present relevant materials concerning the preclusive effect of the state-court action.

III.    **CONCLUSION & ORDER**

For the reasons set forth above, and other good cause shown,

**IT IS** on this 30th day of August 2024 **ORDERED** as follows:

1. The amended complaint (ECF No. 5) is **DISMISSED** without prejudice.

2. The Clerk's Office is directed to **TERMINATE** Defendants' motion to dismiss (ECF No. 15), mail Bragg a copy of this Memorandum Order by regular United States mail, and **CLOSE** this case.

*/s/ Georgette Castner*
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE